UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL A. GARGANO, Plaintiff v. TOWN OF BARNSTABLE, MATHEW K. SONNABEND, MARK A. DELANEY EUGENE DESRUISSEAUX, AND COREY B. FREDERICKSON, Defendants | CIVIL ACTION NO. |

## COMPLAINT

**I.   PRELIMINARY STATEMENT**

1. This is an action for damages arising from the conduct of defendants in entering the residence of Paul A. Gargano without a warrant, immediately suspending his license to carry a firearm ("LTC") and confiscating his firearms without a hearing. These acts, conducted under color of law, violated Gargano's civil rights including his rights under the Second, Fourth, and Fourteenth Amendment to the United States Constitution and caused the loss of Gargano's firearms and as well as the right to possess firearms.

**II.   PARTIES**

2. Plaintiff Paul A. Gargano resides in Barnstable County, Massachusetts.

3. Defendant Town of Barnstable a municipality duly incorporated under the laws of the Commonwealth of Massachusetts.

4. Defendant Mathew K. Sonnabend was at all times material to this complaint a duly appointed and acting Chief of the police department of the Town of Barnstable and is being sued in his individual and official capacities.

5. Defendant Mark A. Delaney was at all times material to this complaint a duly appointed and acting member of the police department of the Town of Barnstable and is being sued in his individual capacity.

6. Defendant Eugene Desruisseaux was at all times material to this complaint a duly appointed and acting sergeant of the police department of the Town of Barnstable and is being sued in his individual capacity.

7. Defendant Corey B. Frederickson was at all times material to this complaint a duly appointed and acting member of the police department of the Town of Barnstable and is being sued in his individual capacity.

### III.   JURISDICTION AND VENUE

7. Jurisdiction is established by 28 U.S.C. § 1333, in that this action arises under the Constitution and laws of the United States, and 28 U.S.C. §1343 in that this actions seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress. This action seeks relief pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. §§ 1981(a) and 1983.  Venue lies in this district pursuant to 28 U.S.C. § 1391.

### IV.   FACTS

8. Paul Gargano is an 82 year-old retired attorney who had possessed a valid LTC for over 50 years.

9. Gargano lawfully owns four firearms: a 12-gauge Beretta shotgun; a Glock G17 9 mm pistol; a .25 caliber Baretta handgun; and a Smith and Wesson .38 caliber revolver.

10. On December 21, 2018, at about 4:30 PM, Defendants Eugene Desruisseaux, Corey Frederickson, and Mark Delaney along with Cape Cod Hospital Security Director Frank Riccio "responded" to 251 Green Dunes Drive in Centerville to conduct a "well-being check" and to serve a no-trespass order on Gargano's son, Paul N. Gargano, who had gotten into an argument with the staff of the Cape Cod on December 13, 2018.

11. The officers also sought to gain entry into Gargano's residence to determine if, in fact, he possessed a .25 caliber Baretta handgun.

12. The Defendant officers did not produce a search warrant to enter and search Gargano's residence for weapons.

13. Once inside the residence, Defendant Delaney asked Paul N. Gargano (Paul Jr.) about an undated Twitter feed allegedly depicting Paul Jr. holding a firearm.

14. Paul Jr. admitted that he was in the photo and that the firearm belonged to his father, Mr. Gargano.

15. Defendant Desruisseaux then demanded that Gargano produce the weapon, to which he complied.

16. Defendants Desruisseaux and Frederickson accompanied Gargano upstairs into his bedroom so that he could retrieve the firearm.

17. Gargano did not give the Defendant officers permission to accompany him to his bedroom.

18. Gargano produced a .25 caliber Baretta handgun from his bedroom.

19. Defendant Desruisseaux demanded that Gargano produce a key for the safe which was locked inside his bedroom closet.

20. Gargano opened the closet and the safe with a key and showed Desruisseaux other firearms and ammunition which were locked in the safe.

21. Defendant Desruisseaux then informed Gargano that because of the improper storage of the Baretta, his LTC was immediately "suspended pending further investigation."

22. Defendant Desruisseaux then demanded that Gargano surrender all his firearms to the Barnstable Police.

23. Gargano initially refused to surrender his firearms, but relented when he was informed that he would be placed under arrest if he did not.

24. Defendant Desruisseaux then confiscated the Baretta handgun.

25. Defendant Frederickson confiscated the Baretta shotgun, Smith and Wesson revolver and Glock G17 pistol.

26. Following the confiscation of his firearms by the Defendant officers, Defendant Desruisseaux contacted Defendant Sonnebend and "advised him of the situation."

27. Defendant Sonnebend immediately "confirmed the suspension" of Gargano's LTC.

28. Thereupon, Defendant Sonnebend generated a written notice of suspension dated December 21, 2018, indicating that Gargano's LTC was suspended as he was deemed an unsuitable person pursuant to G.L. c. 140, § 131 for the following reasons:

    "On December 21, 2018, the Barnstable Police Department followed-up with an investigation that revealed you had improperly stored a firearm and ammunition in your home. Additionally, it was confirmed that the unsecured firearm had been accessed by an unlicensed person."

29. Neither Defendant Sonnebend nor anyone from Defendant Town of Barnstable, offered Gargano any type of hearing before suspending his LTC.

30. At about 6:00 PM, following the seizure of Gargano's firearms, Defendant Desruisseaux returned to Gargano's residence and served him with the written notice of suspension.

31. Massachusetts General Law Chapter 140, Section 129D provides that the person whose LTC has been suspended shall immediately surrender all firearms "*unless an appeal of the revocation or suspension is pending.*"  G.L. c. 140 § 129D (emphasis added).

32. Pursuant to the statute, Gargano exercised his right to appeal his LTC suspension to the Barnstable District Court.

33. Neither Defendant Sonnebend, nor anyone from Defendant Town of Barnstable, offered Gargano any type of hearing either before or after seizing his firearms.

34. Defendant Sonnebend has ignored all requests from Gargano to retrieve his firearms.

35. As a result of the actions of Defendants, Gargano has been deprived possession of his firearms, which has caused him to suffer great mental and emotional pain and anguish.

**COUNT I**:         **42 U.S.C. § 1983 Claim Against Defendant Town of Barnstable**

36. Paragraphs 1 through 35 of this complaint are incorporated herein by reference.

37. At all times material, Defendant Town of Barnstable had no written policies or procedures regarding the suspension and confiscation of firearms from its citizens.

38. By having no written policies and procedures regarding the suspension of LTC's and the confiscation of firearms from its citizens, Defendant Town of Barnstable was deliberately indifferent to the rights of its citizens, including Gargano, and violated Gargano's civil rights as protected under the Constitution.

39. As a result of the violation of Gargano's constitutional rights, Gargano suffered damages described above.

**COUNT II:** **Violation of Gargano's Second Amendment Right To Keep And Bear Arms By Defendants Sonneband and Town of Barnstable**

40. Paragraphs 1 through 39 of this complaint are incorporated herein by reference.

41. Defendant Sonnebend's *ad hoc* decision to suspend Gargano's LTC due to an arbitrary determination that he was unsuitable to possess a firearm infringes on Gargano's Second Amendment right to keep and bear arms.

42. Defendant's suspension of Gargano's LTC and confiscation of his firearms caused Gargano to suffer damages described above.

**COUNT III:** **Violation of Gargano's Fourth Amendment Right To Be Free From Unreasonable Search And Seizure By Defendants Sonneband, Desruisseaux Frederickson and Town of Barnstable**

43. Paragraphs 1 through 41 of this complaint are incorporated herein by reference.

44. Defendant Town of Barnstable's search and seizure of Gargano's firearms infringed on Gargano's right to be free from unreasonable seizure of his property.

45. Defendant Sonnebend's search and seizure of Gargano's firearms infringed on Gargano's right to be free from unreasonable seizure of his property.

46. Defendant Desruisseaux's search and seizure of Gargano's firearms infringed on Gargano's right to be free from unreasonable seizure of his property.

47. Defendant Frederickson's search and seizure of Gargano's firearms infringed on Gargano's right to be free from unreasonable seizure of his property.

48. Defendants' search and seizure of Gargano's property caused Gargano to suffer damages as described above.

**COUNT IV:** **Deprivation of Gargano's Fourteenth Amendment Right to Due Process By Defendants Sonneband, Desruisseaux and Town of Barnstable**

49. Paragraphs 1 through 48 of this complaint are incorporated herein by reference.

50. Defendants' suspension of Gargano's LTC without affording him a hearing deprived Gargano of his Fourteenth Amendment right to Due Process.

51. Defendants' seizure of Gargano's firearms without affording him a hearing deprived Gargano of his Fourteenth Amendment right to Due Process.

52. Defendant's seizure of Gargano's firearms without affording him his rights under the Laws of Massachusetts deprived Gargano of his Fourteenth Amendment right to Due Process.

**V.   PRAYER FOR RELIEF**

WHEREFORE, Gargano requests that judgment be entered in his favor against Defendants as follows:

1. Grant injunctive relief requiring Defendant Sonnebend to immediately reissue a LTC to Gargano;

2. Declaratory judgment that the suspension of Gargano's LTC violates Gargano's right to keep and bear arms under the Second Amendment and Fourteenth Amendment to the U.S. Constitution;

3. An Order permanently enjoining Defendant Town of Barnstable, its officers, servants, employees and agents who receive actual notice of the injunction, from denying, suspending, or revoking an LTC based on the evidence presented in this case.

4. A judgment for monetary damages to Gargano for his loss of use and enjoyment of his firearms;

5. A judgment of monetary damages to Gargano caused by Defendants' violation of his constitutional rights;

6.  A declaratory judgment that Chapter 140, § 129D does not authorize police to enter homes and search for weapons;

7.  A declaratory judgment that Chapter 140, § 129D does not authorize police to seize property;

8.  An award of Gargano's reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

9.  Such other relief as the Court deems just.

## VI. PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

PAUL A. GARGANO,
By His Attorney,

/s/ Austin J. Freeley
Austin J. Freeley
BBO# 563349
Law Office of Austin J. Freeley, Esq.
171 Milk Street
Boston, Massachusetts 02109
(617) 723-9538
Freeley@Justice.com

Dated: